UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RAMNANAN,

        Plaintiff,

  v.

N. ALI, et al.,

        Defendants.

No.  2:14-cv-1441 KJM CKD P

ORDER

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On March 10, 2015, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record.  Plaintiff objects to the

/////

/////

1

recommendation that defendants Ali and Rosse[1] be dismissed from this action.  The court writes separately to explain why these two defendants must be dismissed without leave to amend.

      Plaintiff alleges in his amended complaint that defendant Ali required defendants Stewart and Rosse to conduct a search of plaintiff's cell.  ECF No. 12 at 3.  Plaintiff alleges that defendant Ali initiated, and defendants Rosse and Stewart conducted, the search because plaintiff had retrieved a Top Ramen soup from a neighboring cell during defendant Ali's workshift, which defendant Ali claimed intereferred with Ali's job duties.  ECF No. 12 at 4-5, 11.  In order to state a retaliation claim, plaintiff must allege that he engaged in conduct protected by the United States Constitution and that defendants "imposed a burden" on him "'because he exercise[d] a constitutional right.'"  *Blaisdell v. Frappiea*, 729 F.3d 1237, 1242 (9th Cir. 2013) (quoting *Regan v. Taxation with Representation of Washington*, 461 U.S. 540, 545 (1983)).  Plaintiff does not allege that the activity he engaged in that was the basis for the alleged search, retrieving soup, is protected by the United States Constitution, nor could he.  Prison inmates have no constitutional protection in retrieving property from another inmate's cell.  Nor does plaintiff have constitutional protection against an unreasonable search of his cell, or intentional unauthorized deprivation of his personal property.  *See Hudson v. Palmer*, 468 U.S. 517 (1984).  For this reason, plaintiff has failed to state a cognizable claim against either defendant Ali or defendant Rosse, and the defect in his claim against these defendants cannot be cured by amendment.

      Accordingly, IT IS HEREBY ORDERED that:

      1. The findings and recommendations filed March 10, 2015, are adopted as clarified by this order; and

      2. Defendants Ali and Rosse are dismissed.

DATED: April 7, 2015.

                                              UNITED STATES DISTRICT JUDGE

---

[1] Defendant Rosse is also referred to as defendant Ross in the amended complaint.  *See*, *e.g.*, ECF No. 12 at 4.

2